## Guadagnino v. Olivia

*Gregory L. Schell*, for plaintiffs.
*Edward J. McKarski*, for defendant John P. Olivia.
*Richard E. Santee Jr.*, for defendant Stephen R. Schaller.
*William P. Leeson*, for defendant Rodney R. Ruch.

FRANCIOSA, *J.*, May 25, 1989 — Pending before us is the novel request of plaintiff in an arbitration proceeding to strike the panel of arbitrators who have begun hearing testimony in the proceeding. Defendants oppose this request.

An examination of the record indicates that the suit arose over a four-car accident which occurred October 29, 1986. Plaintiff suffered injuries, which allegedly include an inguinal hernia. At a pretrial conference held June 14, 1988 it was agreed by stipulation that the matter would be scheduled for arbitration in the event that plaintiff's expert report indicated there was no casual relationship between the inguinal hernia and the accident.

The arbitration hearing was scheduled October 31, 1988. At this hearing plaintiff's attempts to

introduce physician reports pursuant to Pennsylvania rule of Civil Procedure 1305 were objected to by defense counsel. The panel sustained the objections, effectively excluding plaintiff's medical reports. Plaintiff seeks relief from the arbitrator's evidentiary ruling from this court.

In compulsory arbitration the rules of evidence must generally be followed, except as prescribed by Pa.R.C.P. 1305. This rule allows a party to offer specific documents (such as doctor reports) without further proof, if the party has given every other party at least 20 days' written notice of his intention to offer the document into evidence along with a copy of the document. There is no indication that this procedure was not followed. Plaintiff contends that because the arbitration panel sustained defendants' objections to the medical reports, Pa.R.C.P. 1305 was violated and plaintiff is, therefore, entitled to a new panel of arbitrators.

Plaintiff cites no authority for demanding such relief, and we can find no case or statute which provides for the striking of an assigned arbitration panel when a party disagrees with an evidentiary ruling made by the panel. We note first that plaintiff and defendants each relate a different basis for the arbitrators' ruling. We are precluded from calling the arbitrators to testify as to what happened by Pennsylvania Rule of Civil Procedure 1311(b) which cloaks the panel in quasi-judicial immunity. 19 Standard Pa. Practice 103:331. Accordingly, we are unable to make a decision regarding the propriety of the arbitration panel's evidentiary ruling. We limit our discussion, therefore, to the question of whether this court may strike an arbitration panel at a party's request.

We begin by recognizing that an *award* in a compulsory arbitration proceeding cannot be set

aside on the ground that the arbitrators made a mistake of law, i.e. an evidentiary ruling. See 19 Standard Pa. Practice 103:346. The proper procedure is to appeal the award to this court which must hear the case de novo. *Id.* A natural extension of this premise is that if the award itself cannot be set aside based on an erroneous evidentiary ruling, the striking of a panel due to an alleged erroneous evidentiary ruling is equally inappropriate. The parties must await the panel's final decision, and if it is unfavorable, appeal the award. The Judicial Code does not provide this court with any authority to strike the panel of arbitrators because one party claims a ruling was in error. The only remedy provided in the case of erroneous factual or legal determinations by the panel is an appeal. See *Baltimore Business Forms v. Medical Data Control Inc.*, 52 D.&C. 2d 325 (1968).

Wherefore, we enter the following

### ORDER OF COURT

And now, May 25, 1989, plaintiff's request to strike the arbitration panel is denied and dismissed.